UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
TIANAH HORNE AND XAVIER BRADLEY,

                              Plaintiffs,                              **COMPLAINT**

      -against-                                             **JURY TRIAL**
                                                                             **DEMANDED**
THE CITY OF NEW YORK,
POLICE OFFICER JOHN WEINUM,
and JOHN DOES 1 and 2,

                              Defendants.
-----------------------------------------------------------------------X

Plaintiffs, TIANAH HORNE and XAVIER BRADLEY, by and through their attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for their Complaint, respectfully allege, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiffs brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that a substantial part of the events giving rise to the claim occurred in New York County, in the State of New York.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, TIANAH HORNE, is, currently a resident of the County of Kings, City and State of New York.

7. Plaintiff, XAVIER BRADLEY, is, currently a resident of the County of Kings, City and State of New York.

8. At all relevant times hereinafter mentioned, defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

9. At all relevant times hereinafter mentioned, Police Officer John Weinum was an individual employed by the City of New York as a member of the NEW YORK CITY POLICE DEPARTMENT ("NYPD"). At all times hereinafter mentioned Defendant Weinum was assigned to the 83rd NYPD Precinct. Defendant Weinum is presently assigned to the 75th Precinct. Defendant Weinum is sued herein in his official and individual capacities.

10. At all relevant times hereinafter mentioned, the Doe Defendants were individuals employed by the City of New York as members of the NEW YORK CITY POLICE DEPARTMENT ("NYPD"). At all times hereinafter mentioned the Doe Defendants were assigned to the 83rd NYPD Precinct. The Doe Defendants are sued herein in their official and individual capacities.

11. At all times hereinafter mentioned the Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

14. On August 7, 2015, at approximately 1:30 a.m., Plaintiffs Tianah Horne and Xavier Bradley, were lawfully walking on Greene Avenue between Patchen Avenue and Broadway in the County of Kings, City and State of New York.

15. At this time, the Defendants arrived on duty and in uniform.

16. The Defendants approached the Plaintiffs without any legal justification or excuse.

17. Plaintiffs were not engaged in any illegal or suspicious activity.

18. Nonetheless, the Defendants searched the Plaintiffs without any legal basis.

19. The search revealed no evidence of any guns, drugs, or contraband.

20. Despite the absence of any evidence of wrongdoing on the part of Plaintiffs, the Defendants placed them in handcuffs and formally arrested them.

21. Plaintiffs were then taken to the station house of the 83rd Precinct where they were unlawfully held for several hours and searched without any legal basis.

22. The search revealed no evidence of any guns, drugs, or contraband.

23. Plaintiffs were eventually transferred to Kings County Central Booking where they were held

for several more hours.

24. Plaintiffs were eventually arraigned on a criminal complaint made on the basis of false allegations supplied by the Defendants.

25. Pursuant to these false statements, false information, and fabricated evidence, Plaintiffs were charged with several crimes they did not commit, and which the Defendants had no legal basis for charging them with.

26. These charges were made on the basis of false allegations sworn to by Defendant Weinum and the Doe Defendants.

27. Defendants provided these false statements to the Kings County District Attorney's Office knowing that there was no basis to support these allegations.

28. These and other allegations, information, and evidence, were false and the defendants knew them to be false when he made them.

29. At Plaintiff Horne's arraignment, she was released from custody and provided with a future court date.

30. Plaintiff Bradley was detained further at Riker's Island following his arraignment.

31. Plaintiffs were forced to make additional court appearances before each of their charges were dismissed in their entirety on September 8, 2015.

32. The decision to arrest Plaintiffs was objectively unreasonable under the circumstances.

33. At no time did there exist sufficient cause to seize or arrest Plaintiffs, nor could the Defendants have reasonably believed that such cause existed.

34. The factual allegations and testimony sworn to by both of the individual Defendants were materially false and deliberately made to justify the illegal arrest of Plaintiffs

35. At no time did Defendants take any steps to intervene in, prevent, or otherwise limit the

heretofore misconduct engaged in against Plaintiffs.

36. The individual Defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the Defendants who engaged in the misconduct described herein as required.

37. That at all times relevant herein, the Defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

38. Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

39. At no time did Defendants have any legal basis for arresting or imprisoning Plaintiffs, or commencing criminal process, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

40. Defendants willfully and intentionally seized, searched, detained, and arrested Plaintiffs without probable cause, and without a reasonable basis to believe such cause existed.

41. Defendants misrepresented and falsified evidence before the Kings County District Attorney.

42. Defendants did not make a complete and full statement of facts to the District Attorney.

43. Defendants withheld exculpatory evidence from the District Attorney.

44. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiffs.

45. Defendants lacked probable cause to initiate criminal proceedings against Plaintiffs.

46. Defendants acted with malice in initiating criminal proceedings against Plaintiffs.

47. Defendants were directly and actively involved in the continuation of criminal proceedings

5

against Plaintiffs.

48. Defendants lacked probable cause to continue criminal proceedings against Plaintiffs.

49. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

50. Notwithstanding the perjurious and fraudulent conduct of Defendants, the criminal proceedings were terminated in Plaintiffs' favor when the charges against them were dismissed.

51. By way of the foregoing, the individual Defendants, individually and collectively, subjected Plaintiffs to false arrest and imprisonment, malicious prosecution, malicious use and abuse of process, unlawful searches of person and property, fabrication of evidence, denial of fair trial, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of Plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

52. By reason thereof, the individual Defendants have violated 42 U.S.C. §1983 and caused Plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

## SECOND CAUSE OF ACTION

53. Plaintiffs, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

54. The NYPD Defendants arrested, searched, and incarcerated Plaintiffs Tianah Horne and Xavier Bradley, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize Plaintiffs' liberty, well-being, safety, and violate their constitutional rights.

55. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all of the actual and/or apparent authority attendant thereto.

56. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

57. Those customs, policies, patterns, and practices include, but are not limited to:

    i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

    iv. failing to properly train police officers in the requirements of the United States Constitution.

58. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

    i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

    ii. arresting individuals regardless of probable cause in order to inflate precinct-wide statistics;

    iii. falsifying evidence and testimony to support those arrests;

    iv. falsifying evidence and testimony to cover up police misconduct.

59. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF

NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of Plaintiffs.

60. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiffs as alleged herein.

61. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiffs as alleged herein.

62. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, Plaintiffs were searched, placed under arrest, and incarcerated unlawfully.

63. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

64. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiffs' constitutional rights.

65. All of the foregoing acts by Defendants deprived Plaintiffs of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the Plaintiffs respectfully requests judgment against Defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

    iv.    directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
December 30, 2016

    Respectfully submitted,

    **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
    *Counsel for the Plaintiff*

    /S/
By:    JESSICA MASSIMI (JM-2920)
    32 Old Slip, 8th Floor
    New York, New York 10005
    (212) 962-1020